In the Matter of EARL J. BRIGGS, JR., Doing Business as BRIGGS CONSTRUCTION COMPANY, Petitioner, *v.* RALPH C. PAGE, as Broome County Sales Tax Director, Respondent.

Third Department, December 5, 1961.

*Charles J. Bellew* for petitioner.

*Charles P. O'Brien* for respondent.

BERGAN, P. J. This proceeding to review a determination of the Broome County Sales Tax Director involves the right of exemption from sales taxes of a building contractor erecting structures for religious corporations which would themselves be exempt from the tax. An assessment has been imposed on the contractor for the purchase of materials used in the construction contracts with two churches.

In each of the two contracts with the churches the petitioner agreed, as contractor, to perform the work and furnish the material for a specifically stated price: for the school and convent of the Blessed Sacrament Church at Johnson City at $243,305; for the church of the First Universalist Church of Binghamton at $88,015.

There is proof in the record before the Sales Tax Director that before these contracts were entered into the petitioner was instructed by the architect to " deduct from the contract amount he submitted on his form of bid the Sales Tax ".

The contracts themselves, however, made no reference to this method of reaching the price, and each simply provided that " [T]he contractor shall. furnish all * * * material * * * required " and " The Owner shall pay " the stated price " for the performance of the Contract ".

Whatever may have been the considerations which led to the formalization of these writings, therefore, it is clear that the writings themselves come literally within regulation 50 of the Broome Sales Tax Regulations, providing that purchases by a contractor are taxable to him when a contract requires him

to furnish materials, supplies, and services " for a lump sum " (reg. 50, par. 2, subd. [a]).

There is some proof of the execution of a supplementary contract document called a " Change Order " some nine months after the original Blessed Sacrament contract by which the contractor agreed not to " include in their proposals " any sales taxes for materials; that the church shall pay the suppliers directly for the materials; but such payments were to be deemed a " Payment against the Contract Price " which " is not changed ". It is further provided, nevertheless that " proposals [of the contractor] shall include the cost of all   *   *   * materials " but that invoices " shall be in the name of the church organization ".

It was stipulated at the hearing before the Director that there had been issued to both churches tax exemption letters in accordance with the Sales Tax Regulations of Broome County and it was also stipulated that the materials used by the contractor were billed by the vendors directly to the churches and paid directly by the churches from their own funds. The contractor credited on account of the contract price in each instance the amount of such payments made by the churches directly to vendors.

How the question of tax liability of the contractor for these materials is to be determined depends essentially on how the facts are found. If, as the respondent Tax Director argues in this court, the real beneficiary of the exercise of the churches' tax exemption privilege was the contractor, the tax has been properly levied against him. If the contract price was unaffected by the use of the exemption certificates, as the contract documents on their faces indicate, the contractor and not the churches would benefit.

If, on the other hand, there is a clear showing and it is found on the hearing that the actual prices of the contracts were reduced by the amount of the tax exemption; that it was the intention of the churches and the contractor that the churches and not the contractor were to be the actual, and not merely the colorable or apparent, purchasers of the material, the literal form of the written contract might not be controlling on the question of tax liability; and the actual intent of the parties might be effectuated, even though such a situation may not fit in fully and precisely with the form of the official regulations as promulgated.

It would be fairly clear that if the churches bought materials themselves and the contractor worked them into a structure for an agreed price for his services and for supplying labor, the

exemptions would be good; and it seems possible that although in form the contract provided for an exact price for the whole job and the later " Change Order " provided " [T]he Contract price is not changed ", that what the parties actually agreed to do and did do was for the churches actually to buy and furnish the materials.

All this requires a much more comprehensive and plenary resolution of the facts than the Director has given us in this record. Indeed, there is no determination of facts at all in his decision. He says merely, " I hereby determine upon all of the record that the sales tax assessment   *   *   *   is legally due ". This is not a finding of any fact; but an ultimate conclusion of law.

In a matter of tax indebtedness the parties may not be as fully bound by the literal terms of a contract as they would be in direct litigation between them. A tax might, or might not, be due, regardless of the form of words used between private parties. Tax authorities frequently look at the actualities behind private arrangements; and here the issue should be resolved by the Director on a clear finding of what the parties agreed in fixing the price in the contracts and how they acted in pursuance of such an agreement.

Therefore, while the words of the contracts between petitioner and the churches would seem to warrant the imposition of the tax on the contractor, a tax might not be warranted if the stated contract price failed to reflect a bona fide intent to have the churches themselves not only buy the materials but become the true financial beneficiaries of the resulting tax exemption.

This intent is indicated in a general manner in the record by the petitioner. The Director would be justified in requiring the fullest detailed information as to the manner in which the bid was actually formulated to exclude the tax; and how from a time before the contracts were signed, it was the intention of both the churches and the contractor that the churches, and not the contractor, would actually purchase the material.

On such a showing in the face of the form of written contracts the petitioner entered into with the churches, the burden in the tax proceeding would clearly rest on petitioner. Even if such proof is adduced, we do not hold that the Director would be compelled to disregard the contracts as written and hold they did not reflect the intention of the parties; but adequate determination of the issues in the proceeding requires a consideration of this proof and a resolution of these vital factual questions by the Director.

The determination should be annulled, without costs and the proceeding remitted to the Director for clear factual findings on the question raised and for such further proof as, in the judgment of the Director, may be relevant to such question.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination annulled, without costs and the proceedings remitted to the Director for clear factual findings on the question raised and for such further proof as, in the judgment of the Director, may be relevant to such question.